## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHELLEY SEALS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 12-CV-569-JED-TLW |
| v. | ) | |
| | ) | |
| CHRIS JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

The Court has for its consideration the Motion and Brief to Dismiss (Doc. 12), filed by the defendant, Board of County Commissioners for the County of Cleveland ("Cleveland County"), plaintiff's response (Doc. 18), and Cleveland County's reply (Doc. 19).

### I.    Background

In her Complaint, plaintiff alleges as follows.  A Rogers County, Oklahoma Deputy Sheriff engaged her in a traffic stop of her vehicle on March 11, 2012.  Approximately 15 to 20 minutes after the stop, the deputy ordered plaintiff to exit her vehicle and arrested her.  She inquired about the basis for her arrest, and the deputy responded that the arrest was pursuant to a warrant.  The deputy handcuffed plaintiff, with her hands behind her back, and placed her in his sheriff's vehicle.  Her car and purse were then searched by other law enforcement officers who arrived on the scene.  Plaintiff was taken to the Rogers County Jail, where she was ordered to remove certain items of clothing and was subjected to a physical search of her body.  Plaintiff was crying and very upset.  Later that day, the deputy returned and informed plaintiff that Cleveland County (from which the warrant originated) reported that the warrant was invalid, and the deputy told plaintiff that "it was Cleveland County's fault."  Plaintiff's car was subsequently brought to the jail, and plaintiff left the jail.  (Doc. 4 at ¶¶ 32-51).

Plaintiff brings claims against numerous defendants, including Cleveland County and unknown Cleveland County employees whom she identifies as "John Doe" defendants, under 42 U.S.C. § 1983 and state law.  She alleges that her rights under the Fourth and Fourteenth Amendments to the United States Constitution were violated by the events leading to her detention, search, and arrest.  With respect to Cleveland County, plaintiff alleges that she was unlawfully arrested as a result of and pursuant to an arrest warrant that was not valid.  She asserts that the arrest warrant was issued by Cleveland County and that Cleveland County failed to investigate and purge the invalid arrest warrant, which resulted in her false and unlawful arrest.

Cleveland County moves to dismiss plaintiff's Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

## II.      Dismissal Standards

In considering a Rule 12(b)(6) dismissal motion, a court must determine whether the plaintiff has stated a claim upon which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure require "a short and plain statement of the claim to show that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The standard does "not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level."  *Id*. at 555-56, 570 (citations omitted).  "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim].

---

[1]      Plaintiff dismissed the State of Oklahoma as a party defendant, without prejudice, on March 22, 2013.  (Doc. 28).  The other named defendants filed Answers.  (*See* Doc. 15, 16).

And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id*. at 556. "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 562.

*Twombly* articulated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded factual allegations of the complaint as true, even if doubtful, and must construe the allegations in the light most favorable to claimant. *See Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

**III.    Plaintiff's Allegations State a Plausible § 1983 Claim Against Cleveland County**

Cleveland County argues that plaintiff has not alleged a specific policy, custom or practice that caused a constitutional violation and has failed to state a claim against it under 42 U.S.C. § 1983 based on a "failure to train" theory. Plaintiff has asserted that, on March 11, 2012, she was unlawfully arrested on an invalid arrest warrant issued by Cleveland County. For the § 1983 claim, the Complaint asserts that Cleveland County failed to purge the invalid warrant, which led to her unlawful and unconstitutional detention, arrest, and search. (*See* Doc. 4 at 3). She further asserts that the arresting officer specifically informed her that the invalid warrant and arrest were "Cleveland County's fault." (*Id.* at 11, ¶ 44).

Plaintiff has also alleged that Cleveland County's sheriff and court clerk employees were acting under and at the direction of Cleveland County (*id.* at 7, ¶ 14), that Cleveland County failed to properly instruct and control its agents, and the failure was a result of custom, practice, and usage, which resulted in failing to purge the invalid warrant upon which she was arrested (*id.* at 3). She further asserts that Cleveland County "conducted an objectively unreasonable and

3

insufficient investigation to determine and purge an invalid warrant for the arrest of Plaintiff, resulting in the wrongful and unlawful arrest and detainment of Plaintiff. . . ." (*Id.* at ¶ 59). The Court finds that plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555.

Courts should not impose heightened pleading requirements upon civil rights complaints. *See, e.g., Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 167-68 (1993) (rejecting requirement imposed by some district and circuit courts that a civil rights plaintiff must plead detailed facts with particularity); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (after *Twombly*, the Supreme Court continued to apply notice pleading to a civil rights complaint and did not require any heightened standard). Indeed, the Supreme Court in *Twombly* stated that it was *not* "requir[ing] heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face," to "nudge [the claims] across the line from conceivable to plausible." 550 U.S. at 555, 570.

Plaintiff's allegations of an unlawful arrest pursuant to an invalid warrant state a claim for a constitutional violation, even though she may not know without full discovery the detailed specifics of any constitutional violation. For example, in *Murray v. City of Chicago*, 634 F.2d 365 (7th Cir. 1980), the plaintiff alleged that a city and various individuals violated her rights when she was arrested pursuant to an invalid warrant. The district court dismissed the plaintiff's claim against the city, based upon the requirement in *Monell v. Dept. of Social Serv.*, 436 U.S. 658, 690-91 (1978) that a plaintiff show a policy or custom to establish municipal liability. The Seventh Circuit Court of Appeals reversed the district court's dismissal. 634 F.2d at 366-367. The court noted that the claims against the defendants should not be dismissed simply because the defendants were "pointing the finger at each other," and, while plaintiff could not without

4

discovery establish specifics of the parties' alleged respective responsibilities for the violation, she had stated a claim such that she was entitled to such discovery. *Id.* The court noted that she may not be ultimately able to prove the policy, custom or practice by the City, but concluded that she was entitled to discovery on the facts alleged. *Id.* at 367.

The bulk of § 1983 municipal liability cases cited by Cleveland County involve summary judgment, and discuss *proof* or *evidence* supporting § 1983 claims of municipal liability. *See, e.g.*, *Novitsky v. City of Aurora*, 491 F.3d 1244, 1259 (10th Cir. 2007) (discussing, at the summary judgment stage, the proof requirements for establishing municipal liability under § 1983); *Porro v. Barnes*, 624 F.3d 1322, 1326-28 (10th Cir. 2010) (affirming summary judgment on failure to train claim, after discussing the undisputed evidence); *Okin v. Village of Cornwall-On-Hudson Police Dept.*, 577 F.3d 415, 440 (2d Cir. 2009) (noting that, at the summary judgment stage, plaintiff must offer evidence to support a failure to train claim); *Mesa v. Prejean*, 543 F.3d 264, 274-75 (5th Cir. 2008) (at summary judgment stage, discussing proof required to establish supervisor liability). While the burden of proving municipal liability is demanding, at the pleading stage the plaintiff's well-pleaded factual allegations are accepted as true, and she is not required to "prove" anything, but must only have set forth enough facts to state a plausible claim. The Court finds that plaintiff has done so, and she has stated a plausible claim under § 1983.

Cleveland County also argues that it is not responsible for the actions of the Cleveland County Sheriff's Office or its employees under § 1983. The plaintiff has alleged that it *is* responsible for those actions. (*See* Doc. 4 at 7, ¶ 14). Again, the cases cited by defendants in support of its argument that a board of county commissioners is not liable for the actions of sheriff's office employees were cases decided at the summary judgment stage. (*See* cases cited

at Doc. 12 at p. 14).  This Court similarly concludes that the issue would be more appropriately resolved at the summary judgment stage.

## IV.     The Negligent Hiring and Retention Claim is Subject to Dismissal

In her Fifth Cause of Action, plaintiff alleges in conclusory fashion that Cleveland County "had a duty to . . . hire and retain qualified deputies and employees and to train those deputies and employees regarding the constitutionally and federally protected rights of its citizens" and that Cleveland County was negligent in its hiring and retention.  (Doc. 4 at 15-16). Cleveland County argues that it is immune from suit on that claim, pursuant to the discretionary function provision contained in the Oklahoma Governmental Tort Claims Act ("GTCA").[2] Courts have applied the exemption to similar tort claims of negligent hiring and retention.  *See, e.g., Fumi v. Board of County Comm'rs of Rogers County*, No. 10-CV-769-TCK, 2011 WL 4608296, \*\*6-7 (N.D. Okla. Oct. 3, 2011); *Burns v. Holcombe*, No. 09-CV-152-JHP, 2010 WL 2756954, \*15 (E.D. Okla. July 12, 2010) ("the state and/or a political subdivision is not subject to suit for discretionary acts such as hiring, supervising, and training employees. . . ."); *Elizabeth S. v. Oklahoma City. Pub. Schools*, No. CIV-08-105-M, 2008 WL 4147572 (W.D. Okla. Sept. 3, 2008).  In those cases, courts disposed of tort claims of negligent hiring, supervision, and/or retention, pursuant to the discretionary functions provision found in *Okla. Stat.* tit. 51, § 155(5).

In response, plaintiff contends that the issue of the exemption presents a fact issue that cannot be resolved at the dismissal stage.  However, plaintiff does not identify any additional discoverable facts that could support her conclusory negligence claims and, contrary to her assertion, the Oklahoma Supreme Court has held that "[t]he applicability of a GTCA immunity

---

[2]     The applicable GTCA tort claim exemption provides that a state or political subdivision "shall not be liable if a loss or claim results from . . . [p]erformance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees."  *Okla. Stat.* tit. 51, § 155(5).

provision presents an issue of law." *State ex rel. Okla. Dept. of Public Safety v. Gurich*, 238 P.3d 1 (Okla. 2010).  Any alleged negligent hiring and retention of employees by Cleveland County would fall within the discretionary functions provision of the GTCA, for which Cleveland County is immune from suit as a matter of law.

**V.      The John Doe Defendants Must Be Dismissed**

Defendants seek dismissal of John Doe defendants No. 3 and No. 4, who are generically identified as employees of the Cleveland County Sheriff's Office and of the Cleveland County Clerks' Office.  (Doc. 12 at 14).  In her response, plaintiff agrees that *all* of the John Doe defendants should be dismissed, in light of the fact that the appropriate procedure is to seek amendment at such time (if ever) that plaintiff discovers the identities of specific defendants responsible for the alleged violation of plaintiff's rights.  (*See* Doc. 18 at 14-15).  Accordingly, the John Doe defendants shall be dismissed.

**VI.     Conclusion**

For the reasons set forth above, the Motion to Dismiss (Doc. 12) is **granted in part and denied in part**.

IT IS THEREFORE ORDERED that the claims against John Doe defendants Nos. 1, 2, 3, 4, and 5 are hereby **dismissed**.  The plaintiff's Fifth Cause of Action (alleging negligent hiring and retention by Cleveland County) is also **dismissed**.  The Motion to Dismiss is **denied** in all other respects.

SO ORDERED this 25th day of September, 2013.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE